FILED
7/23/2021 4:23 PM
FELICIA PITRE
DISTRICT CLERK
DALLAS CO., TEXAS
Paula Mountique DEPUTY

CAUSE NO. DC-21-09618 _____

| | | |
|---|---|---|
| **CHARLES REEDER** | § | IN THE DISTRICT COURT |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | DALLAS COUNTY, TEXAS |
| | § | |
| **FIESTA MART, L.L.C.** | § | |
| | § | 134th |
| *Defendant.* | § | ____ JUDICIAL DISTRICT |

## PLAINTIFF'S ORIGINAL PETITION

Plaintiff Charles Reeder complains of Defendant Fiesta Mart, L.L.C. (hereinafter, "Defendant"), and would respectfully show the Court that:

### Discovery Control Plan

1. Plaintiff intends to conduct discovery in this matter under Level 3 of the Texas Rules of Civil Procedure.

### Jurisdiction and Venue

2. The claims asserted arise under the common law of Texas. This Court has jurisdiction and venue is proper because all or a substantial part of the events or omissions giving rise to the claim occurred in Dallas County, Texas.

### Statement Regarding Monetary Relief Sought

3. Pursuant to Texas Rule of Civil Procedure 47(c), Plaintiff seeks monetary relief over $250,000.00 but not more than $1,000,000.00, including damages of any kind, penalties, costs, expenses, pre-judgment interest and attorney's fees and judgment for all other relief to which Plaintiff is justly entitled. Plaintiff expressly reserves the right to amend this Rule 47 statement of relief if necessary.

## Parties

4. Plaintiff is an individual residing in Dallas County, Texas.

5. Defendant Fiesta Mart, L.L.C. (hereinafter "Defendant"), is a Texas entity engaged in business in Dallas County, Texas. Defendant may be served with process by serving its registered agent, CT Corporation System, at 1999 Bryan St. Suite 900, Dallas, Texas 75201.

## Facts

6. This lawsuit is necessary as a result of personal injuries that Plaintiff received on or about June 27, 2021. At that time, Plaintiff was an invitee at Defendant's business at 2225 West Ledbetter, Dallas, Texas 75224. Plaintiff was walking through the Defendant's store when she slipped and fell in a puddle of water in an aisle. The slip and fall caused the Plaintiff to suffer severe injuries. There were no warning signs present or any other signs of caution near the area where the incident occurred. Plaintiff was not aware of the dangerous and defective condition.

7. At the time of the incident in question, Plaintiff was an invitee of the Defendant. Defendant knew or should have known of the unreasonably dangerous condition and neither corrected nor warned Plaintiff of it. Plaintiff did not have any knowledge of the dangerous condition and could not have reasonably been expected to discover it. Defendant either created the condition and/or failed to correct the condition or to warn Plaintiff about the dangerous condition, which constituted negligence, and such negligence was a proximate cause of the occurrence in question and Plaintiff's resulting injuries.

8. Plaintiff would show that, based on the above-described facts, Defendant was negligent. Defendant, as occupier and owner of the premises, with control over the premises, had a duty to inform Plaintiff of the dangerous condition and make safe the defective condition existing on Defendant's premises.

9. Defendant is liable to Plaintiff under the theory of premises liability and negligence based on the following negligent conduct:

   a. Failure to maintain the premises, including floor and walkways, in a reasonably safe condition;

   b. Failure to inspect the premises where the dangerous condition existed;

   c. Failure to correct the condition by taking reasonable measure to safeguard persons who entered the premises;

   d. Failure to inform Plaintiff of the dangerous condition existing on the premises; and

   e. Other acts deemed negligent.

10. Each of the foregoing negligent acts and/or omissions, whether taken singularly or in any combination, was a proximate cause of Plaintiff's injuries and damages that are described below.

11. Defendant was also negligent in that it failed to act as a reasonably prudent premise owner would act in the same or similar situation.

## **Damages**

12. As a result of these acts or omissions, Plaintiff sustained damages recognizable by law.

13. By virtue of the actions and conduct of Defendant as set forth above, Plaintiff was seriously injured and is entitled to recover the following damages:

   a. Past and future medical expenses;

   b. Past and future pain, suffering and mental anguish;

   c. Past and future physical impairment;

   d. Past and future physical disfigurement; and

   e. Past lost wages and future loss of earning capacity.

14. By reason of the above, Plaintiff is entitled to recover damages from Defendant in an amount within the jurisdictional limits of this Court, as well as pre and post-judgment interest.

### Jury Demand

15.     Plaintiff hereby demands a trial by jury.

### Duty to Disclose

16.     Pursuant to 194, Tex. R. Civ. P. exempted by Rule 194.2(d), Defendant must, without awaiting a discovery request, provide to Plaintiff the information or material described in Rule 194.2, Rule 194.3, and Rule 194.4.

### Initial Disclosures

17.     Pursuant to Rule 194, Tex. R. Civ. P., Defendant must, without awaiting a discovery request, provide information or materials described in Texas Rule of Civil Procedure 194.2 in Defendant's initial disclosure at or within 30 days after the filing of the first answer. Copies of documents and other tangible things must be served with Defendant's response.

### Rule 193.7 Notice

18.     Plaintiff hereby gives actual notice to Defendant that any and all documents produced may be used against Defendant at any pre-trial proceeding and/or at trial of this matter without the necessity of authenticating the documents.

### Prayer

Plaintiff prays that this citation issues and be served upon Defendant in a form and manner prescribed by law, requiring that Defendant appears and answers, and that upon final hearing, Plaintiff has judgment against Defendant in a total sum in excess of the minimum jurisdictional limits of this Court, plus pre and post-judgment interest, all costs of Court, and all such other and further relief, to which he may be justly entitled.

*[Signature block on next page]*

Respectfully submitted,

**DASPIT LAW FIRM**

*/s/ Girraud Stephens*
Girraud Stephens
Texas State Bar No. 24107326
1200 Summit Ave., Suite 504
Fort Worth, Texas 76102
Telephone: (713) 322-4878
Facsimile: (713) 587-9086
Email: e-service@daspitlaw.com

**ATTORNEY FOR PLAINTIFF**

5

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Jacqueline Betancourt on behalf of John Daspit
Bar No. 24048906
jacqueline@daspitlaw.com
Envelope ID: 55663565
Status as of 7/26/2021 3:05 PM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Alma Lira | | Alira@proactivelegal.com | 7/23/2021 4:23:22 PM | SENT |
| Girraud Stephens | | gstephens@daspitlaw.com | 7/23/2021 4:23:22 PM | SENT |
| Jacqueline Betancourt | | jacqueline@daspitlaw.com | 7/23/2021 4:23:22 PM | SENT |
| DLF Intake | | intake@daspitlaw.com | 7/23/2021 4:23:22 PM | SENT |
| Jaime Holder | | jholder@proactivelegal.com | 7/23/2021 4:23:22 PM | SENT |
| John A Daspit | 24048906 | Eservice@daspitlaw.com | 7/23/2021 4:23:22 PM | SENT |